**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 07-cv-01683-REB-CBS

FIBER OPTIC DESIGNS, INC., a Pennsylvania corporation, and
HOLIDAY CREATIONS, INC., a Colorado corporation,

    Plaintiffs,

vs.

NEW ENGLAND POTTERY, LLC, a Delaware corporation,

    Defendant.

---

**ORDER DENYING NEW ENGLAND POTTERY, L.L.C.'S
MOTION REQUESTING CHANGE OF VENUE**

---

**Blackburn, J.**

The matter before me is **New England Pottery, L.L.C.'s Motion Requesting Change of Venue** [#13], filed September 21, 2007. I deny the motion.

### I. JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court is vested with considerable discretion in determining whether transfer is appropriate. ***Chrysler Credit Corp. v. Country Chrysler, Inc.***, 928 F.2d 1509, 1515

(10th Cir. 1991). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir. 1967)). The movant bears the burden of establishing that the existing forum is inconvenient. *Id*. at 1515. This is a heavy burden, ***Texas Gulf Sulphur Co.***, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992). ***See also Cargill Inc. v. Prudential Insurance Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III.  ANALYSIS

Plaintiffs Holiday Creations, Inc. ("HCI") and Fiber Optic Designs, Inc. ("FOD") filed this patent infringement suit on August 9, 2007. Three weeks previously, defendant New England Pottery, L.L.C. ("NEP") filed a declaratory judgment action involving the same patent in the United States District Court for the District of Massachusetts. However, NEP did not serve FOD or HCI with copies of the summons and complaint in that suit until after plaintiffs filed this action. (***See New England Pottery, L.L.C. v. Holiday Creations, Inc. et al.***, Civil Action No. 1:07-cv-11325-GAO,

**Summons** [#8], filed August 21, 2007, *and* **Affidavit of Service** [#9], filed August 22, 2007) (showing service effected on FOD on August 17, 2007, and on HCI on August 15, 2007, respectively).  The following day, August 10, 2007, HCI and FOD filed a motion to dismiss the Massachusetts action or to transfer that case to this court.  NEP now has filed a motion in this case seeking to transfer venue to Massachusetts.

NEP's motion invokes the "first-filed" rule, and argues pursuant to that rule that the Massachusetts court is the proper authority to determine where venue lies.  *See* ***Sutton v. Everest National Insurance Co.***, 2007 WL 2438987 at *3 (D. Colo. Aug. 23, 2007) (slip op.).  As an initial matter, it is not at all pellucid that the premise of this argument is sound.  *See* ***Buzas Baseball, Inc. v. Board of Regents of University System of Georgia***, 1999 WL 682883 at *3 (10th Cir. Sept. 2, 1999) ("A district court may decline to follow the first-to-file rule and dismiss a declaratory judgment action if that action was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction."); ***Nacogdoches Oil & Gas, L.L.C. v. Leading Solutions, Inc.***, 2007 WL 2402723, *2 -*3 (D. Kan. Aug. 17, 2007) (slip op.) (noting exception to first-filed rule when first-filed declaratory judgment suit is merely a "preemptive strike" that mirrors an anticipated adversary filing in another jurisdiction).  On the other hand, the unworkability of plaintiffs' alternative proposal – letting the Massachusetts court decide venue as to HCI and this court decide venue as to FOD – should be readily apparent, as its almost inevitable consequence would be to undermine the very foundation and purpose of the first-filed rule.

Nevertheless, and assuming *arguendo* that the Massachusetts court should

decide the issue, NEP has offered neither argument nor evidence to demonstrate that any of the relevant factors identified above weigh in favor of transferring this case to Massachusetts.  *See Chrysler Credit Corp.*, 928 F.2d at 1516.  Rather, it simply makes the vague, unsubstantiated argument that the interests of justice will be served by allowing the Massachusetts court to determine venue with all parties before it.[1]  NEP apparently believes the logic of this argument is self-evident, but it is not.  More importantly, it is insufficient to meet NEP's heavy burden of demonstrating that plaintiffs' choice of venue should be disregarded.

**THEREFORE, IT IS ORDERED** that **New England Pottery, L.L.C.'s Motion Requesting Change of Venue** [#13], filed September 21, 2007, is **DENIED**.

Dated November 15, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[1] Nor does NEP offer any authority under which I could, short of issuing an impermissible advisory opinion, "declare [my] willingness to transfer this action should the Massachusetts court deny [the] pending venue motion in that court to transfer to Colorado."  (NEP Motion at 1, n.1.)