IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-01683-REB-CBS

FIBER OPTIC DESIGNS, INC. AND
HOLIDAY CREATIONS, INC.

   Plaintiffs,

v.

NEW ENGLAND POTTERY, LLC

   Defendant.

## **STIPULATED PROTECTIVE ORDER**

  The parties to this action stipulate to this Protective Order ("Order") to protect the individual interests of the parties and to facilitate disclosure and discovery:

  1. This Order refers to confidential proprietary and business information (whether in a document or electronically stored) disclosed by any party in this litigation as "Confidential Information." Except as otherwise indicated, all information a disclosing party designates as "Confidential," "Confidential Counsels' Eyes Only" or words to that effect is entitled to confidential treatment as described below.

  2. Confidential Information shall not include (a) advertising materials, (b) materials that on their face show that they have been published to the general public, or (c) information submitted to any governmental entity without request for confidential treatment.

  3. At any time after the disclosure of Confidential Information, counsel for a receiving party may challenge the Confidential designation of all or any portion of that information by providing written notice to counsel for the disclosing party. If the parties cannot then agree as to the designation, the receiving party may move the Court to remove the designation. On that motion, the producing party shall have the burden of

establishing entitlement to confidential treatment.  All Confidential Information will be entitled to confidential treatment pursuant to this Order until the parties agree in writing to the contrary, or the Court makes a contrary determination.

4. Confidential Information shall be used solely for the prosecution of this litigation.  Confidential Information shall not be communicated to anyone for any purpose, except as provided below.

5. Confidential Information may be disclosed only to the following ("Qualified Persons"):

(a) Outside counsel of record in this action;

(b) Employees of such counsel (excluding experts and investigators) assigned to and necessary to assist such counsel in the preparation and trial of this action; and

(c) The Court.

(d) Independent experts who agree in writing to be bound by the terms of this Order.

6. Confidential Information used in depositions or at hearings shall remain subject to this Order.

7. Any court reporter who transcribes testimony in this action shall agree that all information designated as "confidential" under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

8. Inadvertent or unintentional production of Confidential Information without designating that information "confidential" shall not waive any claim for confidential treatment.

9. Any documents which are subject to the attorney-client privilege or work product protection that are identified in writing by the producing party as inadvertently disclosed shall immediately be returned by the receiving party, and the receiving party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.

10. After termination of this action, this Order shall continue to bind, except with respect to information that becomes public record. This Court shall have continuing jurisdiction over the recipients of the Confidential Information for enforcement of the provisions of this Order.

11. Upon termination of this action, counsel for a receiving party shall return the Confidential Information to the counsel for the disclosing party. The receiving party may keep attorney work product that relates to any Confidential Information.

12. This Order shall bind the parties and their attorneys, successors, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

13. The parties agree that this Order shall govern any documents exchanged during this litigation, regardless of whether said documents were exchanged before execution of this Order.

IT IS SO ORDERED.

Dated November 7, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**